WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Eliseo Solis Haro,

        Plaintiff,

v.

Unknown Burger, et al.,

        Defendants.

No. CV-18-02666-PHX-GMS (ESW)

**ORDER**

This Order sets forth the Court's rulings on a number of pending Motions (Docs. 58-61, 65).

## I. DISCUSSION

### A. Defendants' "Motion to Leave to File Motion to Strike" (Doc. 58)

On June 11, 2019, Plaintiff filed a Notification of Expert Witnesses (Doc. 52). In their July 31, 2019 Motion (Doc. 58), Defendants seek leave to file a Motion to Strike Plaintiff's Notification (Doc. 52) pursuant to Federal Rule of Civil Procedure 12(f).

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) expressly applies to "pleadings," which Rule 7(a) defines as "a complaint and answer; a reply to a counterclaim; an answer to a cross-claim; and a third party complaint and answer. Anything else is a motion or paper." *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) (citing Fed. R. Civ. P. 7(a)). "The Federal Rules of Civil

Procedure do not provide for a motion to strike documents or portions of documents other than pleadings. . . . Instead, trial courts make use of their inherent power to control their dockets, *Anthony v. BTR Auto. Sealing Sys.*, 339 F.3d 506, 516 (6th Cir. 2003), when determining whether to strike documents or portions of documents." *Zep Inc. v. Midwest Motor Supply Co.*, 726 F.Supp.2d 818, 822 (S.D. Ohio 2010).

Because Plaintiff's Notification of Expert Witnesses (Doc. 52) is not a pleading, the Court may not strike it pursuant to Federal Rule of Civil Procedure 12(f). Federal Rule of Civil Procedure 5(d) provides that "disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." Local Rule of Civil Procedure 5.2 provides that "[a] 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers." Plaintiff has not "used" his June 11, 2019 disclosure (Doc. 52) in the proceeding. Therefore, Plaintiff's filing of the actual disclosure instead of a "Notice of Service" violates the Federal and Local Rules of Civil Procedure. Accordingly, the filing (Doc. 52) will be stricken. June 11, 2019 is deemed the date of service of Plaintiff's expert witness disclosure on Defendants. Challenges to the adequacy of Plaintiff's disclosure may be raised in a motion in limine. Defendants' "Motion to Leave to File Motion to Strike" (Doc. 58) will be denied.

**B. Plaintiff's "Expedited Motion for Enlargement of Time to the Discovery Deadline" (Doc. 59)**

On May 8, 2019, the Court extended the discovery deadline to August 7, 2019. (Doc. 47). On August 5, 2019, Plaintiff filed an "Expedited Motion for Enlargement of Time to the Discovery Deadline" (Doc. 59). Plaintiff explains that in July 2019, he was "sent out to neuro surgeon consultation at Phoenix Medical Center at which time neuro surgeon instructed Centurian Medical Services to provide a second 'MRI' because the first 'MRI' done on June 22, 2017 was too old . . . ." (*Id.* at 4) (emphasis omitted). Plaintiff

then states: "Therefore, a '90 day extention [sic] of time to discovery deadline' on top of August 7, 2019 is vital for discovery to determine the severity of Plaintiff's spinal condition and level of worsening, specially when neuro surgeon disclosed the urgent need for spinal cord surgery post or after new 'MRI.'" (*Id.*). Ongoing medical treatment that Plaintiff has received does not necessitate an extension of the discovery deadline. Instead, updated medical records should be produced pursuant to Federal Rule of Civil Procedure 26(e)(1). Rule 26(e)(1) provides:

> A party who has made a disclosure under Rule 26(a)— or who has responded to an interrogatory, request for production or request for admission—must supplement or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1); *see also Arthur v. Atkinson Freight Lines Corp.*, 164 F.R.D. 19 (S.D.N.Y.1995) (holding that under Rule 26(e), the plaintiff had a duty to supplement prior disclosures and produce updated medical records where plaintiff's medical treatment for his alleged injuries was ongoing and materially affected the claim for damages).

Plaintiff's Motion (Doc. 59) does not provide good cause for further extension of the discovery deadline. The Motion therefore will be denied.

**C. Plaintiff's "Motion to Compel Discovery Request(s)" (Doc. 60)**

On January 17, 2019, the Court issued a Scheduling Order setting forth a procedure for resolving discovery disputes. (Doc. 19 at 3). In bold letters, the Court advised the parties that the Court will not consider a motion regarding discovery matters unless (i) the parties have attempted to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j) and (ii) the parties have participated in a discovery conference with the Court. The Scheduling Order set forth the requirements for filing a request for a discovery conference, and informed the parties that a request that does not comply with those requirements may be stricken. (*Id.*).

Finally, the Court advised the parties in bold letters that a discovery motion that is filed in noncompliance with the requirements set forth in the Scheduling Order may be stricken. (*Id.*).

Plaintiff's "Motion to Compel Discovery Request(s)" (Doc. 60) does not comply with the requirements set forth in the Court's Scheduling Order. Accordingly, it will be stricken.

### D. Plaintiff's "Motion for Default Judgment Against Defendants P. Torrez and J. Livingston" (Doc. 61) and Defendants' "Request for Clarification" (Doc. 65)

On August 5, 2019, Plaintiff moved for entry of a default judgment against Defendants P. Torrez and J. Livingston. (Doc. 61).

Before a default judgment may be entered, the Clerk of Court must first enter default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). After the Clerk of Court has entered default, then a party may request a default judgment. Fed. R. Civ. P. 55(b).

Here, service has been returned unexecuted as to Defendants Torrez and Livingston. (Docs. 13, 15). The Clerk of Court has not entered default against Defendants Torrez and Livingston pursuant to Federal Rule of Civil Procedure 55(a). Therefore, Plaintiff's "Motion for Default Judgment Against Defendants P. Torrez and J. Livingston" (Doc. 61) will be withdrawn as premature. Defendants' "Request for Clarification" (Doc. 65) will be denied as moot.

### E. Plaintiff's May 13, 2019 Filing (Doc. 50)

On April 15, 2019, the Court extended Plaintiff's deadline for filing a motion to join parties and amend the Complaint to May 14, 2019. (Doc. 43). The Order specifically instructed Plaintiff that he must comply with the Federal and Local Rules of Civil Procedure, including Local Rule 15.1. (*Id.*). Local Rule 15.1(a) provides that:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, **which must indicate in what respect it differs from**

**the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added**. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

The Court construes Plaintiff's May 13, 2019 filing as a motion for leave to file a First Amended Complaint. (Doc. 50). However, Plaintiff's lodged proposed First Amended Complaint fails to indicate how it differs from the original Complaint by bracketing or striking through the text to be deleted and underlining the text to be added.

"A district court has discretion to adopt local rules. . . . Those rules have 'the force of law.'" *Hollingsworth v. Perry*, 558 U.S. 183 (2010) (citation omitted). Hence, both the parties and the Court are bound by the local rules. LRCiv. 83.3(c) (1) ("Anyone appearing before the court is bound by these Local Rules."); *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). A district court's departure from its local rules is justified only if the effect is "so slight and unimportant that the sensible treatment is to overlook [it]." *Id.* (internal quotation marks and citation omitted).

As Plaintiff has failed to lodge a First Amended Complaint that complies with Local Rule 15.1(a), the Court will deny Plaintiff's motion for leave to amend the Complaint.[1] (Doc. 50).

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Defendants' "Motion to Leave to File Motion to Strike" (Doc. 58).

**IT IS FURTHER ORDERED** striking Plaintiff's Notification of Expert Witnesses (Doc. 52).

---

[1] *U.S. Dominator, Inc.*, 768 F.2d at 1102 n.1 ("Contrary to the defendants' assertions, Dominator's motion for leave to amend its complaint was properly treated as a nondispositive motion."); *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012) ("Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1).") (citation and internal quotation marks omitted).

**IT IS FURTHER ORDERED** denying Plaintiff's "Expedited Motion for Enlargement of Time to the Discovery Deadline" (Doc. 59).

**IT IS FURTHER ORDERED** striking Plaintiff's "Motion to Compel Discovery Request(s)" (Doc. 60).

**IT IS FURTHER ORDERED** withdrawing as premature Plaintiff's "Motion for Default Judgment Against Defendants P. Torrez and J. Livingston" (Doc. 61).

**IT IS FURTHER ORDERED** denying as moot Defendants' "Request for Clarification" (Doc. 65).

**IT IS FURTHER ORDERED** construing Plaintiff's May 13, 2019 filing (Doc. 50) as a motion for leave to file a First Amended Complaint. The Motion is denied for failure to comply with Local Rule 15.1(a).

Dated this 12th day of September, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge