**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eliseo Solis Haro,<br><br>        Plaintiff,<br><br>v.<br><br>Lisa McNeal, et al.,<br><br>        Defendants. | No. CV-18-02666-PHX-GMS (ESW)<br><br>**ORDER** |

On January 17, 2019, the Court ordered Plaintiff to show cause why this case should not be dismissed as to Defendants Livingston and Torrez pursuant to Fed. R. Civ. P. 4(m) (Doc. 20). Plaintiff timely filed his "Motion of 'Affidavit of Service and Supportive Good Cause of Pending Sumons.'" (Doc. 21). Plaintiff states that he is not trained in the law and requests an extension of time for service of process (Id. at 5). Plaintiff requests the Court to order either the United States Marshal Service ("USMS") or Corizon Health Services Inc. to provide the Court with the information necessary to effectuate service of process upon Defendants Livingston and Torrez (*Id.*).

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

As the Ninth Circuit Court of Appeals has explained, "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m) and *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995)). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.* The Ninth Circuit has found it "unnecessary, however, to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," noting "only that, under the terms of the rule, the court's discretion is broad." *Id.* at 513. Yet "no court has ruled that the discretion is limitless. In making extension decisions under Rule 4(m) a district court *may* consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (emphasis added).

If a pro se prisoner proceeding *in forma pauperis* has provided to the USMS sufficient information to effectuate service on a defendant, the USMS' failure to effect service is "automatically good cause" to extend the service deadline. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States,* 902 F.2d 598, 603 (7th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). But where a prisoner fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court's sua sponte dismissal of the unserved defendant(s) is appropriate. *Id*.

It is not the Court's role to assist Plaintiff in obtaining Defendants Livingston and Torrez' addresses. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants."); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (federal "judges have no obligation to act as counsel or paralegal to *pro se* litigants") (italics in original); *Barnes v. United States,* 241 F.2d 252 (9th Cir. 1956) (noting pro se litigant does not have rights that a represented litigant does not have).

Plaintiff's request that the Court order Corizon Health Services Inc. or USMS to provide information to the Court to effectuate service of process is denied.

However, the Court will grant Plaintiff an extension of time to complete service and will permit Plaintiff to conduct reasonable discovery limited to ascertaining the requisite service information for Defendants Livingston and Torrez, specifically the Defendants' current addresses or last addresses of record while working for Corizon Health Services Inc.. The USMS's inability to effect service on Plaintiff's behalf is good cause for an extension of time to complete service of process. *Pruett v. Blanford*, 912 F. 2d 270, 276 (9th Cir. 1990). Plaintiff may obtain each Defendant's address through a subpoena duces tecum. The Court will provide Plaintiff with two blank subpoenas duces tecum which he may use to obtain the address information for each Defendant from Corizon Health Services Inc.. The Clerk of Court will file any information disclosed by Corizon Health Services Inc. under seal and provide same to USMS for service of process.

For good cause shown,

**IT IS ORDERED** extending the time for service of process on Defendants Livingston and Torrez to **December 15, 2019.**

**IT IS FURTHER ORDERED**:

1. The Clerk of Court is directed to issue and send to Plaintiff two subpoenas duces tecum in blank.
2. Plaintiff shall complete the subpoenas duces tecum requesting documents that would contain a current or last address of record for Defendants Livingston and Torrez and return the subpoenas duces tecum to the Clerk of Court on or before **October 15, 2019**.
3. Upon receipt of the completed subpoenas, the Clerk of Court is directed to forward them to the USMS for service.

**IT IS FUTHER ORDERED**:

1. Plaintiff must complete the subpoenas such that the documents requested are returned to the Court, not to Plaintiff.

2. Upon receipt of the documents, the Clerk of Court is directed to file the documents containing the addresses of Defendants Livingston and Torrez **under seal**.
3. Upon receipt of the addresses of Defendants Livingston and Torrez, the Clerk of Court is directed to complete service packets and forward them to the USMS for service.
4. Service shall be made within **ninety days** of the date of this Order at Government expense by the United States Marshal or his authorized representative pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure. Failure to accomplish service within this time period may result in dismissal of Plaintiff's claims for failure to serve pursuant to Fed. R. Civ. P. 4 (m).
5. Defendants have **twenty (20) days** from the date of service within which to answer or otherwise respond to the Complaint as provided by the Federal Rules of Civil Procedure.

Dated this 12th day of September, 2019.

_____
Honorable Eileen S. Willett
United States Magistrate Judge